UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY KING,

Plaintiff,

v.

Case No. 2:24-cv-375-KCD-KRH

SHERIFF CARMINE MARCENO, IN HIS OFFICIAL CAPACITY AS LEE COUNTY SHERIFF; DEPUTY JAY BRETT, INDIVIDUAL CAPACITY; DEPUTY MELQUIAS OLIVO, INDIVIDUAL CAPACITY; MILLENIUM PHYSICIAN GROUP, LLC, FRANCISCO MARASIGAN, KRISTIN GUSTIN,

Defendants,
_________________________________/

**ORDER**

Plaintiff Tammy King brought this lawsuit against several entities and individuals involved with her involuntary commitment under Florida's Baker Act. Last month, the Court granted summary judgment in favor of Dr. Francisco Marasigan, the physician who authorized King's psychiatric hold. (Doc. 123.) The Court concluded that the objective facts available to the doctor at the clinic—namely, a nurse practitioner's report of a suicide threat combined with the doctor's firsthand observation of King's escalating physical altercation with a sheriff's deputy—provided the legal justification necessary to defeat King's claims for false imprisonment. (*Id.* at 5-9.)

King now moves for reconsideration, insisting that the Court got it wrong. (Doc. 126.) She argues that Dr. Marasigan's failure to conduct a formal, face-to-face interview prior to signing the commitment certificate constitutes a statutory violation of the Baker Act. (*Id*. at 4-7.) And because Dr. "Marasigan had no legal reason to request [her] detention, Dr. Marasigan has failed to meet his burden on this count and summary judgment should be denied." (*Id*. at 8.)

District courts have inherent authority to reconsider an order before final judgment. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 1369.

Accordingly, a motion for reconsideration should be granted only when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[A] party may not employ a motion for reconsideration as a vehicle to present new arguments

or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015).

King's central grievance—that Dr. Marasigan did not personally examine her before signing the Baker Act form—is the same argument she pressed at summary judgment. She seemingly insists that the statute demands a formal, face-to-face evaluation. And she once again objects to the doctor relying on his nurse practitioner's intake report. The Court already grappled with this precise theory and explained why the evidentiary record defeated it. Because King merely attempts to reargue a factual and legal dispute she previously lost, her motion fails right out of the gate.

Even so, King's arguments fare no better on a second look. The record remains undisputed on the critical facts: Dr. Marasigan relied on his nurse practitioner's clinical statements to evaluate the Baker Act criteria, and he personally observed King's erratic behavior with the deputy. King insists that this combination of staff reporting and visual observation is legally insufficient to constitute an examination under the statute. But to survive summary judgment, a plaintiff must bring forth actual evidence or legal authority to support her theory. King offers neither—no Florida precedent, no statutory text, and no medical testimony to suggest that a physician cannot rely on such information.

Meanwhile, on the other side of the ledger, Dr. Marasigan offered testimony that his conduct and reliance on a subordinate's report was entirely standard and sufficient clinical practice. A plaintiff cannot point to an empty record and avoid summary judgment. Because King failed to offer any evidence that Dr. Marasigan's evaluation process ran afoul of the law, the Court's prior ruling will stand. The motion for reconsideration (Doc. 126) is **DENIED**.

**ORDERED** in Fort Myers, Florida on August 24, 2026.

Kyle C. Dudek
United States District Judge